ROBERT P. BRADLEY, Retired Appellate Judge.
This is a teacher tenure case.
In June 1988 Susan Nelson filed a petition for writ of mandamus against the Eto-wah County Board of Education. Nelson alleged that she had been employed as a teacher for a sufficient length of time to establish tenure and was illegally denied a pay increase awarded to tenured teachers.
The Etowah Board filed a motion to dismiss and this motion was denied. Following discovery, the Etowah Board filed a motion for summary judgment and supporting affidavits.
In May 1989 the Etowah Board notified Nelson that she would not be rehired for the 1989-90 school year. Nelson appealed *1258 the dismissal to the Alabama State Tenure Commission. The Etowah Board then sought an injunction to stay the proceeding before the Tenure Commission until Nelson’s writ of mandamus was ruled upon. The injunction was granted.
Nelson then filed a motion in opposition to summary judgment, with affidavits. After an ore tenus proceeding in April 1991, the trial court granted summary judgment for the Etowah Board. Nelson appeals from summary judgment. The Tenure Commission proceedings are not before this court.
We begin by recognizing that summary judgment is properly granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Greene v. Thompson, 554 So.2d 376 (Ala.1989).
The record reveals these undisputed facts: In September of 1983 Nelson was hired as an adult vocational education instructor with the Adult Basic Education Program of Etowah County. Nelson taught adults and out-of-school youths through this program, and her salary was funded in part with federal monies. Over the course of the next three years, Nelson worked as an adult education teacher under the auspices of similar federally-funded programs.
In February 1986 Nelson began instructing classes at the Drake Adult Education Center. This program was an alternative school designed to provide continuing education for girls from several school systems who had dropped out due to pregnancy. Nelson worked at Drake for the remainder of the 1985-1986 school year and continued on for the next two school years. During the 1988-1989 school year, Drake became an alternative program solely for Etowah County students who were out of school because of disciplinary problems or pregnancy. At that time, Nelson entered into a contract with the Etowah Board as an alternative school teacher for the Drake program. In May of 1989 Nelson was notified that the Drake program was discontinued and that her contract with the Board would not be renewed.
Nelson argues that her stint as a teacher for the Drake program entitles her to tenured status with the Etowah Board. In order to attain tenure under Alabama law, a teacher must have served under contract in the same city or county school system for three consecutive years and be reemployed for the following year. § 16-24-2(a), Code 1975. Teachers employed outside the public school system are not eligible for tenure. § 16-24-1. The term “public school” encompasses only public elementary and secondary schools in this state; adult schools are not part of the public school system as defined by the Alabama constitution. Alabama Educ. Ass’n v. Board of Trustees, 374 So.2d 258 (Ala.1979); State Tax Comm’n v. Board of Educ., 235 Ala. 388, 179 So. 197 (1938).
The record shows that the Drake program was created under the auspices of adult education, to provide classes for students who dropped out of school due to pregnancy. The program was implemented under the authority of Tony Trayler, the adult education coordinator for the Etowah County Board. From 1986-1988 the program was funded in part by state money; however, this money was derived from legislative appropriations for adult education. The school was not supported from the state’s minimum education fund, which funds public elementary and secondary education. The Drake program also received funding from federal adult education programs during 1986-1988.
After federal funding was discontinued in 1988, the Drake program was financed jointly by the school boards of Etowah County, Gadsden, and Attalla. All of these boards regularly provide support for adult education within their districts. Nelson received her paycheck from the Etowah Board, which acted as a conduit for the various adult education funding it received for the Drake program.
In the school year 1988-1989 the Drake program was established as an “alternative school” solely for students within the Eto-wah County school system who had disciplinary problems or were otherwise unsuited to regular classroom attendance. Nel *1259 son was under contract as an alternative school teacher with the Etowah Board only for the school year of 1988-1989. During that year, the students enrolled in the Drake program received credit towards graduation from the county schools they previously attended. At the hearing, the superintendent of the Etowah Board conceded that in 1988-1989 the Drake program became more of a quasi-high school than an adult education program.
After reviewing the record in full, we find that the Drake program was initially designed and executed as an adult education program for two years; thus, it could not be deemed a “public school” during that time. Moreover, the fact that students received credit in Etowah County schools for the classes they took in the Drake program during 1988-1989 is not sufficient to classify the program as a public school for that year.
There is no evidence that the Drake program was ever subject to the rules of grading and standardization set down for high schools by the State Board of Education, nor is there evidence that the program offered the minimum curriculum of courses prescribed by the State Board. See § 16-3-15, Code 1975. There is no evidence that the program was made subject to the minimum standards administered by the state superintendent of education. § 16-26-1, Code 1975. The Etowah Board never established the program as a county high school or designated the program as a unit of its high school system pursuant to § 16-26-2, Code 1975.
While the Drake program perhaps lost its identity as an adult education project during 1988-1989, there is simply no evidence to show that it ever reached the status of a public school in this state. Consequently, Nelson’s work as a teacher for the Drake program does not qualify her for tenure under the applicable statutes. The Etowah Board is entitled to judgment as a matter of law. Thus, there is no error in the trial court’s granting of summary judgment in this case.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.