SHORES, Justice.
This is a teacher tenure ease. On May 15,1989, the Etowah County Board of Education notified Susan Nelson that her contract for the 1989-90 year would not be renewed. She filed in the circuit court a petition for writ of mandamus, contending that she had achieved tenure. The trial court entered a summary judgment for the Board. Nelson appealed to the Court of Civil Appeals, which affirmed the summary judgment.[1] 607 So.2d 1257 (Ala.Civ.App. 1991). We granted Nelson’s petition for writ of certiorari. We reverse and remand.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule,” Alabama Code 1975, § 12-21-12, for actions filed after June 11,1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Whether Susan Nelson was a “teacher” as defined by Alabama Code 1975, § 16-24-1 (which requires that to be a “teacher” within the terms of that statute Nelson must be employed in a "public” school), is a genuine issue of material fact. Thus, the Board was not entitled to a judgment as a matter of law.
The Board contends that because Nelson worked in an adult basic education program at Drake School she was not employed in a “public school” and therefore was not a “teacher” within the definition of § 16-24-1 and thus failed to meet the tenure criteria. The Board argues that Drake School is not considered a “public school” within the meaning of § 16-24-1. Part of her salary was paid by federal funds.
*1261 Nelson presented evidence that she was hired by the Etowah County Board of Education in 1983 and was employed continuously thereafter until May 1989. At all times she held a regular teaching certificate and worked in Drake School under the supervision of the director of the adult basic education program for Etowah County. She conducted classes in math, science, social studies, and English. When she commenced her employment with the Board, she was listed as a teacher on forms filed with the Teachers’ Retirement System and, as a consequence, has earned six years’ retirement credit with that System.
The Court of Civil Appeals held that the Board was entitled to a judgment as a matter of law because Nelson had presented no evidence that Drake School “ever reached the status of a public school.” We conclude that there was evidence from which a factfinder could conclude that it had reached the status of a public school. The issue presented is one of fact: was the Drake program a public school program during the years at issue? Nelson presented evidence to support the conclusion that it was a public school program. The Board presented evidence that tended to show otherwise.
To defeat a properly supported summary judgment motion, it is not necessary that the opponent prove his or her case. It is necessary only that he or she present evidence creating a genuine issue of material fact. Nelson did that in this case.
Accordingly, the Board was not entitled to the summary judgment. The judgment of the Court of Civil Appeals is reversed and the cause is remanded for that court to order a hearing on the merits.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.

. The Alabama Education Association filed an amicus curiae brief in support of Susan Nelson.