PER CURIAM.
Wal-Mart Stores, Inc., d/b/a Sam’s Wholesale Club, and Tandy Corporation are defendants in an action filed by John O’Sullivan and others in the Autauga Circuit Court. Each of these defendants petitions for a writ of mandamus directing Judge Sibley Reynolds, of the Autauga Circuit Court, to set aside an order of May 29, 1996, denying these defendants’ motions for summary judgment and directing that they provide certain witnesses and discovery to the plaintiffs.[1] Underlying the petitioners’ request are the following additional facts:
The plaintiffs sued these two defendants and others, seeking certification of a plaintiff class consisting of all persons the defendants had charged sales tax on the sale of computer software. Wal-Mart and Tandy moved for summary judgments; the plaintiffs opposed their summary judgment motions on the basis that Wal-Mart and Tandy were not entitled to judgments as a matter of law. The trial court denied the summary judgment motions, indicating that it did so because the plaintiffs had not had sufficient discovery to frame a proper response in opposition. It stated, in pertinent part:
“The Court finds that the plaintiffs are entitled to conduct discovery before being required to respond to the summary judgment motions. Therefore, the Court finds that the defendants’ motions for summary judgment are premature and [they are] hereby DENIED, with the right to refile these motions at a later date.
“... The defendants are ordered to respond to all outstanding discovery requests from the plaintiffs within fourteen (14) days of the date of this order. The defendants are also ordered to produce at least one corporate representative for deposition in Birmingham, Alabama within thirty (30) days of the date of this order.
Wal-Mart and Tandy petitioned the Court of Civil Appeals for writs of mandamus directing the trial court to vacate its order. The petitions were denied, and, pursuant to Ala.R.App.P. 21(e)(1), the petitioners have filed similar petitions with this Court.
Mandamus is an extraordinary remedy. It requires a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of any other adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, *62 543 So.2d 682, 684 (Ala.1989). Raised here is the issue whether — given the absence of any indication by the plaintiffs that they required additional discovery in order to respond to the summary judgment motions — the petitioners have shown a “clear legal right to the order sought.”
Rule 56(e), Ala.R.Civ.P., provides that in opposition to a properly supported summary judgment motion, an “adverse party’s response, by affidavits or as otherwise provided ... must set forth specific facts showing that there is a genuine' issue for trial.” Subsection (f) indicates that where a party cannot, at that time, provide affidavit testimony “essential to justify the party’s opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.” In order to obtain this relief, Rule 54(f) “requires from the party opposing the summary judgment motion an affidavit stating the reasons why he cannot present essential facts.” Herring v. Parkman, 631 So.2d 996, 1002 (Ala.1994). It is undisputed that no such affidavit was tendered in the trial court and that the plaintiffs did not in any way assert that a lack of discovery had caused them to be unable to adequately oppose the summary judgment motions. We hold, therefore, that each petitioner is clearly entitled to an order directing the trial court to vacate its May 29, 1996, order. We grant the petitions for the writ of mandamus.[2]
WRITS GRANTED.
HOOPER, C.J., and MADDOX, KENNEDY, COOK, BUTTS, and SEE, JJ., concur.
SHORES, J., dissents.

. In specific, the trial court ordered them to respond to all outstanding discovery requests and to provide a corporate representative for deposition in Birmingham, Alabama.

. The petitioners argue that they are further entitled to an order directing the trial court to grant their summary judgment motions. However, because the order denying the summary judgment motions is being vacated, the effect is that those motions will be renewed. Thus, these petitioners will have an adequate remedy available in the trial court.