703 So.2d 413 (1997)
Susan NELSON
v.
ETOWAH COUNTY BOARD OF EDUCATION, et al.
2960521.
Court of Civil Appeals of Alabama.
August 15, 1997.
Rehearing Denied September 19, 1997.
*414 J. Victor Price, Jr., Alabama Education Association, Montgomery, for appellant.
James E. Turnbach of Turnbach & Warren, P.C., Gadsden, for appellees.
L. CHARLES WRIGHT, Retired Appellate Judge.
This is the second time that this teacher tenure case has been before this court. Nelson v. Etowah County Board of Education, 607 So.2d 1257 (Ala.Civ.App.1991). Initially, the trial court entered a summary judgment in favor of the Etowah County Board of Education (Board), finding that Nelson's employment as a teacher did not qualify her for tenure. This court affirmed the judgment of the trial court. Nelson filed a petition for a writ of certiorari to the Alabama Supreme Court, which reversed the judgment of this court and directed this court to remand the case to the trial court for a hearing on the merits. Ex parte Nelson, 607 So.2d 1259 (Ala.1992).
Following remand, the trial court held ore tenus proceedings and entered a judgment in favor of the Board. The court found that Nelson had "failed to prove that she has `served under contract' with the [Board] for 3 consecutive years as required by §§ 16-24-1 and -2, Code of Alabama 1975." The court also found that the Drake School, where Nelson taught, was not a public school and was not "subject to the rules, program, curriculums, and standards required by law." Nelson appeals, contending that the trial court erred in finding that she was not under contract and in finding that the Drake School is not a "public school."
Nelson initiated this action by filing a petition for a writ of mandamus, requesting the trial court to require the Board to honor her tenure rights and to pay her back pay. In reviewing an appeal from the trial court's denial of a petition for a writ of mandamus, "this court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from." Huffstutler v. Reese, 510 So.2d 275, 277 (Ala.Civ.App.1987).
It is undisputed that Nelson met two of the three requirements to be deemed a "teacher" under the Teacher Tenure law. Nelson was certified by the certifying authority of the State of Alabama, and Nelson was employed as an instructor. §§ 16-24-1 to -38, Ala.Code 1975. Therefore, the issue for the trial court to determine was whether Drake School was a public school program. Ex parte Nelson, supra.
The record reveals the following facts: Nelson was hired by the Board in 1983 and was continuously employed until May 1989. From 1983 until February 1986 Nelson was a part-time instructor, paid on an hourly basis, in the Board's adult vocational and basic education programs. In January 1985 Nelson signed an employment contract, which provided that her position as an assistant instructor was temporary and non-tenured. The contract also provided that the agreement was terminable by either party upon 30 days' written notice.
From February 1986 until May 1989 Nelson was a full-time teacher in an alternative program for expectant mothers. Students from the surrounding school systems also participated in this program. These classes were held in a building that was owned, but no longer used, by the Gadsden City Board of Education. This building, known as the "Drake School," was formerly an elementary school and was closed in 1977.
As a teacher in "the expectancy class,"[1] Nelson conducted classes in mathematics, *415 science, social studies, and English. Nelson testified that she was responsible for recording attendance, maintaining a teacher's register, preparing lesson plans and tests, grading tests, and recording and posting grades. She also testified that "the expectancy class" was taught at the Drake School because that building had no stairs, so there was no risk that the expectant mothers would fall.
Several of Nelson's former students testified that when they returned to their regular high schools, they received credit for the classes taught by Nelson. They also testified that they had not dropped out of high school during their pregnancies, but that they were told to attend "the expectancy class" at the Drake School during their pregnancies.
Nelson's position at the Drake School was supervised by the director of the adult basic education program for the Board; however, the director did not directly supervise Nelson's class preparation or teaching methods.
Nelson was paid an hourly wage until 1988, when she entered into a written employment agreement with the Board. This agreement provided that she would be paid a beginning teacher's salary for the 1988-89 school year. Nelson received notice, by a letter dated May 15, 1989, that the Board had voted not to renew her contract for the 1989-90 school year. At all times from 1983 until 1989 Nelson was a certified teacher, and on forms submitted to the Teachers' Retirement System, she was listed by the Board as a teacher.
Dr. Wayne Teague, the State Superintendent of Education, testified by deposition that he defines the term "public schools" as "state schools under the state control where the building is secondarywell, elementary and secondaryare operated by local Boards of Education." The Superintendent of the Etowah County Board of Education testified that the source of funding for a school program does not determine whether a teacher becomes tenured. He also testified that Nelson's contract was not renewed because of a lack of funding and that she was subsequently offered a part-time teaching position in the adult education program.
"Public schools" are "those schools formerly referred to as `common schools,' schools which are provided for in §§ 256-260 of the Constitution.... These schools are for the benefit of children between the ages of seven and twenty-one years, encompassing, in common terminology, grammar schools and high schools." Alabama Educ. Ass'n v. Board of Trustees of the University of Alabama, 374 So.2d 258, 261 (Ala.1979) (citations omitted). Accordingly, we conclude that the adult education programs that Nelson taught from 1983 until February 1986 were not public school programs and that she was not a "teacher" within the meaning of § 16-24-1 during those years. We also conclude that the classes that Nelson taught from February 1986 until May 1989 were public school programs and that from February 1986 through May 1989 she was a "teacher" within the meaning of § 16-24-1.
To qualify for tenure, Nelson had to serve under contract as a teacher in the Etowah County School System for three consecutive school years and had to be reemployed for the succeeding school year. § 16-24-2(a). In this case, Nelson served under a written contract as a teacher for the 1988-89 school year only. Therefore, we conclude that Nelson did not meet the requirements of § 16-24-2(a) and did not achieve tenured status.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.
CRAWLEY, J., concurs in part and dissents in part.
*416 CRAWLEY, Judge, concurring in part and dissenting in part.
Although I agree that the classes Nelson taught were public education and that Nelson is a teacher covered by the teacher tenure laws, I must respectfully dissent from the affirmance of the trial court's finding that Nelson is not a tenured teacher because she did not work under a "written" contract with the school board for the necessary period of time to satisfy Ala.Code 1975, § 16-24-2(a). The statute does not contain the word "written." Instead, it states: "Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system for the succeeding school year." § 16-24-2(a) (emphasis added). Nelson entered into a contract with the Board in 1983. That original contract required her to teach in the Job Training Partnership Act (JTPA) program. Thereafter, she continued to be employed by the Board, teaching various adult education classes.
In 1986, Nelson was still employed by the Board, and she began teaching the expectancy class. As Judge Wright holds, that class is a public school program. She was reemployed or renewed for the 1986-87 school year, the 1987-88 school year, and the 1988-89 school year. At some point, the Board and Nelson entered into another contract, this one covering the 1988-89 school year and providing Nelson more pay. In May 1989, the Board informed Nelson that her contract would not be renewed.
The Board admitted that Nelson was its employee. In fact, in its motion for summary judgment, the Board admitted that Nelson met the requirement of being employed under contract for the appropriate time period.
Judge Wright apparently does not consider the original contract, which was renewed by Nelson's continued employment, sufficient to confer tenure. I disagree. Nelson's continued employment by the Board in a public school program entitles her to tenured status under the law. See Ala.Code 1975, § 16-24-12 (stating that a teacher is deemed to be offered reemployment for the succeeding year at the same salary if the school board does not notify him or her in writing of the non-renewal of the contract). Therefore, I would reverse the trial court's judgment.
NOTES
[1] The "expectancy class" included the basic school subjects as well as classes for caring for an infant.