743 So.2d 436 (1999)
Patsy Free JOHNSON et al.
v.
Dr. Steven R. PRICE.
1980708.
Supreme Court of Alabama.
August 27, 1999.
James Harvey Tipler of The Tipler Law Firm, P.C., Andalusia, for appellants.
Walter W. Bates and L. Jackson Young, Jr., of Starnes & Atchison, L.L.P., Birmingham, for appellee.
HOUSTON, Justice.
We granted permission, under Rule 5, Ala.R.App.P., for Patsy Free Johnson, Angela J. Strickland, and Victoria J. Foley, as co-administratrixes of the estate of Billy Johnson, to appeal the trial court's interlocutory order striking expert medical testimony. We affirm.
The issue presented concerns the interpretation of the 1996 amendment to Ala. Code 1975, § 6-5-548(e). In particular, this appeal centers on two related questions. First, does § 6-5-548(e) require that a health-care provider who testifies as to the standard of care for a "similarly situated health care provider" be certified by the very same board as the defendant health-care provider? Second, if § 6-5-548(e) does require that the two healthcare providers be certified by the same board, does the fact that this cause of *437 action was filed before the 1996 amendment prevent that amendment from applying here?
On June 15, 1994, Dr. Steven Price, who is not a medical doctor, but rather a doctor of osteopathy, and who is certified by the American Osteopathic Board of Surgery, performed surgery on Billy Johnson. Johnson was later transferred to Flowers Hospital, on June 19, 1994, where his condition deteriorated; he died on June 29, 1994. The administratrixes sued Dr. Price, claiming that he had negligently caused Billy Johnson's death. Dr. Price moved for a summary judgment, supporting his motion with his own affidavit stating that he had complied with the applicable standard of care in treating Mr. Johnson. The plaintiffs opposed that motion with the affidavit of Dr. Gary Kirchner, a general surgeon certified by the American Board of Surgery. Dr. Kirchner testified that Dr. Price had deviated from the appropriate standard of care and that in his opinion Dr. Price's negligence had proximately caused Mr. Johnson's death. Dr. Price moved to strike Dr. Kirchner's affidavit on the ground that Dr. Kirchner was not a "similarly situated health care provider" and, therefore, that he could not testify as to the applicable standard of care. The trial court granted that motion.
As in any action for medical malpractice, the plaintiffs have the "burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case." Ala. Code 1975, § 6-5-548(a). The plaintiffs offered Dr. Kirchner's testimony to rebut Dr. Price's testimony that he had complied with the applicable standard of care. The trial court struck Dr. Kirchner's affidavit, relying on § 6-5-548(e), because Dr. Price and Dr. Kirchner are certified by two separate organizations. Dr. Price is certified by the American Osteopathic Board of Surgery and Dr. Kirchner is certified by the American Board of Surgery. The trial court held that this difference in certification boards was enough of a discrepancy to prevent Dr. Kirchner from testifying, under § 6-5-548(e).
Section 6-5-548(e) reads:
"The purpose of this section is to establish a relative standard of care for health care providers. A health care provider may testify as an expert witness in any action for injury or damages against another health care provider based on a breach of the standard of care only if he or she is a `similarly situated health care provider' as defined above. It is the intent of the Legislature that in the event the defendant health care provider is certified by an appropriate American board or in a particular specialty and is practicing that specialty at the time of the alleged breach of the standard of care, a health care provider may testify as an expert witness with respect to an alleged breach of the standard of care in any action for injury, damages or wrongful death against another health care provider only if he or she is certified by the same American board in the same specialty."
(Emphasis added.) That portion of the statute emphasized here was added by the amendment, which became effective on May 17, 1996. Relying on this section of the statute, Dr. Price argues that Dr. Kirchner cannot testify against him because they are not certified by the same boards. The plaintiffs contend that the amendment did not substantially change the statute and, therefore, that the caselaw predating the statute should be authoritative. That caselaw indicated that a health-care provider was not precluded from testifying against another health-care provider merely because they were not certified by the same board. However, those cases are not controlling here, because the amendment sets out a clear new standard for expert testimony by a health-care provider. This *438 case presents a question of first impression, then, involving the interpretation of § 6-5-548(e).
This Court has repeatedly held that a statute will be construed by the plain meaning of the words written by the Legislature:
"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)); see also Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n, 589 So.2d 687, 689 (Ala.1991); Coastal States Gas Transmission Co. v. Alabama Pub. Serv. Comm'n, 524 So.2d 357, 360 (Ala.1988); Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984); Dumas Brothers Mfg. Co. v. Southern Guar. Ins. Co., 431 So.2d 534, 536 (Ala.1983); Town of Loxley v. Rosinton Water, Sewer & Fire Protection Auth., Inc., 376 So.2d 705, 708 (Ala.1979). Consequently, this Court must interpret the statute strictly according to the language of that statute in order to follow the intent of the Legislature, and to do otherwise would "turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers." DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998), citing Ex parte T.B., 698 So.2d 127, 130 (Ala.1997). See Ex parte Pfizer, Inc., [Ms. 1980155, June 4, 1999] ___ So.2d ___ (Ala.1999).
The intent of the Legislature here is overwhelmingly clear from the plain language of this statute. Of particular importance in this case is the phrase: "only if he or she is certified by the same American board in the same specialty." § 6-5-548(e). (Emphasis added.) By adding this phrase, the Legislature unequivocally stated that when litigants are establishing the standard of care for a health-care provider, the only instance in which a court can consider the expert testimony of another health-care provider is an instance in which the expert witness is certified by the very same organization that certified the defendant health-care provider; by this rule, the statute ensures that the expert witness will have the knowledge necessary to fully inform the jury of the standard of care to which the defendant is to be held.
Dr. Price is certified by the American Osteopathic Board of Surgery, and Dr. Kirchner is certified by the American Board of Surgery. These are clearly not the same organization. The fact that they may have the same purpose, that they may certify providers for the same procedures, or that they may require the same qualifications would be irrelevant. Section 6-5-548(e) plainly states that if the two providers are not certified by the same organization, then one cannot testify as to the standard of care applicable to the other. All questions of propriety, wisdom, necessity, utility, and expediency of legislation are exclusively for the Legislature and are questions with which this Court has no concern. This principle is embraced within the simple statement that the only question for this Court to decide is one of legislative power, Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810 (1944). The constitutionality of § 6-5-548(e) is not an issue on this appeal. We must conclude that the terms of § 6-5-548(e) prevent Dr. Kirchner from testifying as to the standard of care to which Dr. Price is to be held.
In addition, we note that the plaintiffs are incorrect in contending that the amendment to § 6-5-548(e) cannot be applied to this set of facts; they argue that it cannot be applied because, they say, to *439 apply it to these facts would be to apply it retrospectively. To apply the statute here is not to give it a retrospective application, because § 6-5-549.1(e) clearly states: "[Section 6-5-549.1] and Sections 6-5-548 and 6-5-549 apply to all actions pending against health care providers at the time of the effective date of the sections." The effective date of the amendment to § 6-5-548(e) was May 17, 1996. This action was filed July 26, 1996. Section 6-5-549.1(e) makes the amendment to § 6-5-548(e) applicable to all actions pending on May 17, 1996, and to all actions filed thereafter. Nothing in § 6-5-549.1(e) suggests that § 6-5-548(e) does not apply to an action based on a cause of action that accrued before the effective date of the amendment. Therefore, the amendment unquestionably applies to this present case. Dr. Kirchner's affidavit was properly stricken.
The trial court's order is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.
COOK, J., concurs in the result.
JOHNSTONE, Justice (concurring).
I concur. See McGlothern v. Eastern Shore Family Practice, P.C., 742 So.2d 173 (Ala.1999), to like effect.