770 So.2d 1057 (2000)
ALABAMA EDUCATION ASSOCIATION and Corrie Haanschoten Long
v.
Susan NELSON.
1981926.
Supreme Court of Alabama.
March 3, 2000.
Rehearing Denied May 5, 2000.
James H. Anderson and William F. Patty of Beers, Anderson, Jackson, Nelson, Hughes & Patty, P.C., Montgomery; and J. Cecil Gardner and Sam Heldman of Gardner, Middlebrooks, Fleming, Gibbons & Kittrell, P.C., Mobile, for appellants.
John I. Cottle III and James R. Bowles of Bowles & Cottle, Tallassee, for appellee.
HOUSTON, Justice.
The Alabama Education Association ("AEA") and Corrie Long[1] are defendants in an action pending in the Montgomery Circuit Court. We granted permission under Rule 5, Ala. R.App. P., for them to appeal the trial court's interlocutory order denying their motion for a summary judgment.[2] We reverse and remand as to the *1058 AEA. We dismiss the appeal as it relates to Long.
Susan Nelson is a former schoolteacher. She was employed by the Etowah County Board of Education. She had a dispute with the Board concerning whether she had tenure and whether she was entitled to a pay increase. The AEA, an organization composed largely of teachers in the public schools, employs a number of inhouse attorneys who represent members of the AEA in work-related actions. Nelson was an AEA member. One of the AEA attorneys, J. Victor Price, Jr., filed an action for Nelson against the Board. Price represented Nelson during the trial proceedings; Nelson lost in the trial court, and Price represented her on appeal to the Court of Civil Appeals and on a certiorari review by this Court. Nelson v. Etowah County Bd. of Educ., 607 So.2d 1257 (Ala. Civ.App.1991), reversed, 607 So.2d 1259 (Ala.), on remand, 607 So.2d 1261 (Ala.Civ. App.1992).
On remand to the trial court, Nelson received another adverse ruling. Again, Price prepared an appeal to the Court of Civil Appeals; however, Price took a leave of absence before that court decided the case. In his absence, Long worked on the case. The Court of Civil Appeals affirmed the judgment of the trial court, Nelson v. Etowah County Bd. of Educ., 703 So.2d 413 (Ala.Civ.App.1997), and Long informed Price of that decision. Long agreed to file an application for rehearing, and she did so. The Court of Civil Appeals denied the application. Long did nothing further on the case, even though she had told Nelson she would petition this Court for certiorari review.
Nelson filed this present action to recover damages under the Alabama Legal Services Liability Act ("ALSLA"), § 6-5-570 to -581, Ala.Code 1975. She alleges legal malpractice in Long's failure to petition this Court for certiorari review following the Court of Civil Appeals' affirmance in her second appeal.
The AEA contends that it is not a "legal service provider" and therefore is not subject to liability on a claim of legal malpractice. We must consider whether the AEA comes within the definition of "legal service provider" set out in the ALSLA, at § 6-5-572(2). If it does, then the AEA is a proper defendant in this legal-malpractice action; if it does not, then it was entitled to a dismissal or a summary judgment.
Section 6-5-572(2) provides this definition:
"Legal service provider. Anyone licensed to practice law by the State of Alabama or engaged in the practice of law in the State of Alabama. The term legal service provider includes professional corporations, associations, and partnerships and the members of such professional corporations, associations, and partnerships and the persons, firms, or corporations either employed by or performing work or services for the benefit of such professional corporations, associations, and partnerships including, without limitation, law clerks, legal assistants, legal secretaries, investigators, paralegals, and couriers."
Nelson argues that the AEA comes within this definition as a "professional association." We disagree.
Under § 6-5-572(2), a "legal service provider" can be either: (1) a person licensed to practice law in the State of Alabama, or (2) a person engaged in the practice of law in the State of Alabama. Obviously, the AEA is not licensed to practice law in Alabama, so we must consider whether the AEA is "engaged in the practice of law," within the meaning of § 6-5-572(2).
In order to ascertain the meaning of a statute, we look first to the plain meaning of the words written by the Legislature. Johnson v. Price, 743 So.2d 436, 438 (Ala.1999). The plain meaning of the words used in § 6-5-572(2) indicates that the Legislature contemplated that the *1059 term "legal service provider" would include a professional corporation, association, or partnership itself; the members of a professional corporation, association, or partnership who are licensed to practice law within the State of Alabama; and others not licensed to practice law but who work in furtherance of the practice of law by a professional corporation, association, or partnershipsuch as "law clerks, legal assistants, legal secretaries, investigators, paralegals, and couriers." The members of the AEA are teachers, not lawyers; and the lawyers the AEA hires are not members of the AEA, but, instead, are employees of the AEA. The membership of the AEA does not consist of persons licensed to practice law in the State of Alabama.
We note that throughout the ALSLA, the language used by the Legislature indicates that the Act was intended to apply to lawyers and law firms. For example, § 6-5-572(3)(a) sets out the "standard of care" a "legal service provider" is to observe:
"The standard of care applicable to a legal service provider is that level of such reasonable care, skill, and diligence as other similarly situated legal service providers in the same general line of practice in the same general locality ordinarily have and exercise in a like case."
What standard of care would be applied to the AEA under this statute? We know of no other "legal service provider" that, in regard to the AEA, might be considered to be "similarly situated." Clearly this section contemplates that the ALSLA is to be applied only to lawyers and to law firms including professional corporations, associations, and partnershipswhose membership is composed solely of lawyers acting for the purpose of providing legal services.
The plain language of § 6-5-572(2), as well as that of the other portions of the ALSLA, clearly indicates that the Legislature intended for the ALSLA to apply only to lawyers and to entities that are composed of members who are licensed to practice law within the State of Alabama. Because the AEA is not a lawyer or an entity whose membership is composed of lawyers, it cannot be held liable under the ALSLA.
We have decided only the question of the AEA's liability under the ALSLA. Long seems to be arguing that any liability on her part is contingent on the AEA's also being liable under the ALSLA. However, the record indicates that the trial court has not fully addressed this issue. Therefore, we do not discuss in any way the question of Long's potential liability. As to Long, the appeal is dismissed.
REVERSED AS TO THE DEFENDANT ALABAMA EDUCATION ASSOCIATION; APPEAL DISMISSED AS TO THE DEFENDANT LONG; AND CASE REMANDED.
HOOPER, C.J., and COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
NOTES
[1] This action was originally filed against Corrie Haanschoten, who is now known as Corrie Haanschoten Long.
[2] This motion was styled as a motion to dismiss, but the trial court later stated that it would treat the motion as one for a summary judgment. See Rule 12(b), Ala. R. Civ. P.