I concur in the result of affirming the adjudication of the defendant's guilt. I respectfully dissent from the affirmance of the death sentence. I will write to only two of the reversible errors in the penalty phase of the trial.
First, the trial court misinstructed the jury on the burden of proof and, worse, the placement of the burden of proof, on mitigating circumstances. The main opinion minimizes this error by quoting only one of the six erroneous parts of the erroneous instruction. The Court of Criminal Appeals, to its credit, recites most of the erroneous instruction in its opinion, see Broadnax v. State, 825 So.2d 134, 209-13
(Ala.Crim.App. 2000), and candidly recognizes *Page 238 
the erroneousness of the instruction. The main opinion of this Court, like the opinion of the Court of Criminal Appeals, however, deems the error harmless.
Part of the trial judge's instruction tells the jurors they should fix the defendant's punishment at death if "there are no mitigating circumstances proven to your reasonable satisfaction." Broadnax,825 So.2d at 213. Two other parts of the erroneous instruction condition a life-without-parole recommendation on the jurors' being "reasonably satisfied as to the existence of any mitigating circumstances" or "reasonably satisfied that mitigating circumstances exist." 825 So.2d at 213.
Of course, our law, § 13A-5-45(g), Ala. Code 1975, does not impose any burden on the defendant to prove mitigating circumstances to the jurors' reasonable satisfaction. Rather, our law requires the jurors to consider any mitigating circumstance interjected by the defendant and notdisproved by the State by a preponderance of the evidence. §13A-5-45(g). See also Dill v. State, 600 So.2d 343 (Ala.Crim.App. 1991),aff'd, 600 So.2d 372 (Ala. 1992), cert. denied, 507 U.S. 924,113 S.Ct. 1293 (1993).
The main opinion observes that, "[i]n Elledge v. Dugger, 823 F.2d 1439
(11th Cir. 1987), the United States Court of Appeals for the Eleventh Circuit held that an erroneous jury instruction during the penalty phase in a death penalty case does not mandate reversal if the jury is notdirected to ignore nonstatutory mitigating evidence. . . ." (Emphasis added.) Conversely, a jury instruction that does direct the jury to ignore nonstatutory mitigating evidence in the penalty phase does mandatereversal. The instruction at issue in the case before us contains that very defect and requires that very result. The effect of the instruction was to direct the jurors to ignore any nonstatutory mitigating circumstance the defendant had not proved to their reasonable satisfaction. The instruction thereby deprived the defendant of a trial by jury on an issue our law grants a jury trial to decide, albeit by an advisory verdict.
Second, the trial court misinstructed the jurors on the definition of the aggravating circumstance of "especially heinous, atrocious, or cruelcompared to other capital offenses." § 13A-5-49(8), Ala. Code 1975 (emphasis added). Specifically, the trial court failed to instruct the jurors that, in considering the existence or nonexistence of this aggravating circumstance, they were obliged to compare the defendant's capital offense "to other capital offenses" as the statute expressly and plainly requires. This Court is a stalwart standard-bearer for the plain-meaning doctrine of statutory construction,[1] except when the plain meaning of a statute favors a criminal defendant. See my dissent inEx parte Washington, 818 So.2d 424 (Ala. 2001). Then we dismiss the plain meaning as "a very narrow and literal reading of the statute."[2] Exparte Bankhead, 585 So.2d 112, 125 (Ala. 1991) (redefining and applying *Page 239 
this aggravating circumstance), cited in the case now before us by both the main opinion and the opinion of the Court of Criminal Appeals. Yet rewriting statutes is the proper function of the Legislature, not the judiciary. Art. III, § 43, Ala. Const. of 1901. The instruction by the trial court in this case deprived the jury of the legislatively mandated standard, a comparison with other capital cases, for assessing whether this aggravating circumstance exists.
[1] See, e.g., Ex parte Master Boat Builders, Inc., 779 So.2d 192
(Ala. 2000); Ex parte Achenbach, 783 So.2d 4 (Ala. 2000); Ex parte FluorContractors Int'l, 772 So.2d 1157 (Ala. 2000); State v. American TobaccoCo., 772 So.2d 417 (Ala. 2000); Alabama Educ. Ass'n v. Nelson,770 So.2d 1057 (Ala. 2000); Young Oil Co. v. Racetrac Petroleum, Inc.,757 So.2d 380 (Ala. 1999); Johnson v. Price, 743 So.2d 436 (Ala. 1999);DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270 (Ala. 1998); IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344 (Ala. 1992).
[2] A notable exception is Ivey v. State, 821 So.2d 937 (Ala. 2001), decided in strict adherence to statutory plain meaning and constitutional mandate.