296 So.2d 794

**Calvin Lee BAKER, alias**

**v.**

**STATE.**

**5 Div. 222.**

Court of Criminal Appeals of Alabama.

June 25, 1974.

Larkin Radney, Alexander City, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Possession of a pistol after having been convicted of a crime of violence: sentence, five years imprisonment.

Counsel for Baker has correctly and commendably confined his argument to a claim that the trial judge should have granted Baker's motion that the judge recuse himself.

We consider that there are two reasons which preclude our finding error.

## I

First, the motion should have been filed at the earliest opportunity. This principle rests on rationale that requests for recusal should not be disguises for dilatoriness on the part of the defendant. See Grotman v. Hahn, 59 Wis. 93, 17 N. W. 545. Mandamus is the preferred mode of reviewing a refusal of a judge to disqualify himself. Wiggins v. State, 39 Ala. App. 433, 104 So.2d 560.

Here the motion was not filed until the day of trial. No explanation is offered for the delay.[1]

## II

Secondly, we consider that the ground for the requested disqualification was without substantive merit. We quote pertinently from the instant record:

"THE DEFENDANT: Yes, sir, I was indicted and went to Court,—

"THE COURT: I didn't know that you were ever indicted for forging my name to a Court order. Now here is the Court's recollection of this whole thing about this signing my name to an order.

"Judge Albert Hooten, Judge Dan Boyd, Honorable Tom F. Young, all of the old 5th Judicial Circuit of Alabama, went to Montgomery together, the four of us, three Judges and our District Attorney, Mr. Tom F. Young, we went to see the Attorney General on an entirely different matter. While we were talking to one of the Assistant Attorney Generals, Mr. John Tyson, who is now on the Court of Criminal Appeals of Alabama, Mr. Tyson advised me that he had learned that I had transferred two prisoners from the penitentiary to the Chambers County, Alabama Jail, either that day or the day before.

"I stated to Assistant Attorney General John Tyson, who is now Judge of the Alabama Criminal Court of Appeals, that I signed no such order. He thereupon called the penitentiary, and the penitentiary advised Mr. Tyson and Mr. Tyson advised us that this order, signed by me, L. J. Tyner, was on file, transferring to the Chambers County, Alabama, Jail, the defendant in this case, Calvin Lee Baker and, also, a man whose name I do not recall except it was 'McKee' or 'McGee'—

"THE DEFENDANT: It's Glen T. Mc-Gee.

"THE COURT: Glen T. McGee. Thereupon, Judge Albert Hooten, Circuit Judge; Judge Dan Boyd, Circuit Judge; and I, L. J. Tyner, Circuit Judge; and Honorable Tom F. Young, * * * went out to the Kilby Prison * * * to the Warden's

---

1. Shell v. Shell, 48 Ala.App. 668, 267 So.2d 461, is distinguishable on the facts.

office and he showed us an order that was purportedly signed by L. J. Tyner, Circuit Judge, removing Mr. McKee or Mr. Mc-Gee, and Mr. Calvin Baker, ordering their removal from the penitentiary to the Chambers County, Alabama Jail.

"At that time, Honorable Tom F. Young, in the presence of L. J. Tyner and other judges, called the Sheriff of Chambers County, Alabama, and told them that this order had been forged and was not a true order and directed the Sheriff to hold both of these men in Chambers County, Alabama Jail, until an order could be made transferring them back to the penitentiary of the State of Alabama.

"At least, this Court was advised these two men had been transported back to the penitentiary from the Chambers County, Alabama, Jail.

"Later on, I don't recall when, the District Attorney of Montgomery County, Alabama, called L. J. Tyner, Circuit Judge, and stated that Mr. McGee or Mr. McKee, was being tried for forgery and asked me if I could make my arrangements to come to Montgomery and testify against Mr. McKee or Mr. McGee, only. A subpoena was served on L. J. Tyner to go to Montgomery Circuit Court and testify for the State in the case of State of Alabama v. this—how do you spell it, Calvin?

"THE DEFENDANT: M-c-G-l-e-n, I imagine is the way he spells it.

"THE COURT: M-c-G-l-e-e-n. This the Court did, and testified in the case. The Court never did testify in the case against Calvin Lee Baker and did not even know that Calvin Lee Baker had ever been indicted in connection with the forgery of the order purportedly signed by L. J. Tyner, removing these two men from the penitentiary to the Chambers County, Alabama Jail.

"Now, this defendant in the present case, Number 563, was arraigned in this Court on October 25, 1973, in the presence of his employed attorney, Honorable Larkin Radney, of Alexander City, and entered a plea of 'not guilty' to the charge as set out in the indictment.

"THE DEFENDANT: I would like to say this, if it would be okay.

"THE COURT: Yes.

"THE DEFENDANT: I was indicted by the Montgomery Circuit Court Judge and I appeared before, I believe it was Judge Carter. The jury acquitted me on the case of signing Mr. Tyner's name.

"Well, subsequently to that, I appeared on a Parole Board, you know, to go up for parole and Mr. Tyner at that time polecatted me, stating in the parole that I had signed his name or had been engaged in signing his name to a court order.

"THE COURT: The Court overrules the motion of the defendant's attorney, Honorable Larkin Radney, to have the Court recuse himself, and the Court cites the following authorities: Walker v. State [38 Ala.App. 204], 84 So.2d 383, Hn. 1; Lindsey v. Lindsey [229 Ala. 578], 158 So. 522, Hn. 1–3; Section 6, Title 13, Alabama Code of 1940; Annotations in 73 A.L.R.2d 1238, entitled, 'Time for Asserting Disqualification of Judge, and Waiver of Disqualification.' Subsequent cases in A.L.R.2d, L.C.S. (Blue Book) supplementing 73 A.L.R.2d, Page 1238 Annotations in 21 A.L.R. 3rd 1369, entitled, 'Disqualification of Judge for Having Decided Different Case Against Litigant.' Alabama Digest on Judges, Keys [☞] 39, et seq., particularly Keys [☞] 47 (2) and 49 (1).

"The Court knows of nothing in this Court's mind and has nothing in mind which would prevent this Court from giving Calvin Lee Baker a fair trial in this case. And I find no law which says that under the circumstances of this case that I am required to recuse myself.

"And your motion is respectfully over-ruled."

We have carefully considered the entire record from the requirements of Code 1940, T. 15, § 389 and conclude that the judgment below is to be

Affirmed.

All the Judges concur, except TYSON, J., who recuses self.