[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 190 
On September 29, 1982, Jerry Anthony Sparks, the appellant, shot his ex-wife, Donna Berryman Sparks, five times with a .38 caliber pistol. Sentence was life imprisonment. Seven issues are raised on appeal.
 I
Sparks contends that he should have been granted a change of venue because thirty-one members of the jury venire stated that they had either heard of, read about, or discussed the case.
The motion for change of venue was properly denied. As a procedural matter, the motion was not verified under oath and did not set forth specifically the reasons why a fair and impartial trial could not be had in Franklin County. Alabama Code Section 15-2-20 (1975). *Page 191 
Additionally, the defendant failed to sustain his burden of proof. Here, as in Murphy v. Florida, 421 U.S. 794, 802-03,95 S.Ct. 2031, 2037, 44 L.Ed.2d 589 (1975), and Dobbert v.Florida, 432 U.S. 282, 301-03, 97 S.Ct. 2290, 2302-03,53 L.Ed.2d 344 (1977), there was no showing that "the trial setting was inherently prejudicial or that the jury selection process permitted an inference of actual prejudice." Dobbert,432 U.S. at 302, 97 S.Ct. at 2303. Sparks has not shown that the pretrial publicity either prejudiced an individual juror who was not struck for cause or caused pervasive hostility within the community. The fact that jurors have knowledge of a case does not automatically establish their prejudice or bias.Anderson v. State, 362 So.2d 1296, 1300 (Ala.Cr.App. 1978). See also Magwood v. State, 426 So.2d 918 (Ala.Cr.App. 1982), affirmed, Ex parte Magwood, 426 So.2d 929 (Ala.), cert. denied,Magwood v. Alabama, ___ U.S. ___, 103 S.Ct. 3097,74 L.Ed.2d 1355 (1983). The existence of widespread publicity in and of itself does not require a change of venue. Hopkins v. State,429 So.2d 1146 (Ala.Cr.App. 1983).
 "But under Murphy, extensive knowledge in the community of either the crimes or the putative criminal is not sufficient by itself to render a trial constitutionally unfair. Petitioner in this case has simply shown that the community was made well aware of the charges against him and asks us on that basis to presume unfairness of constitutional magnitude at his trial. This we will not do in the absence of a `trial atmosphere . . . utterly corrupted by press coverage,' Murphy v. Florida, supra, 421 U.S., at 798, 95 S.Ct. at 2035. One who is reasonably suspected of murdering his children cannot expect to remain anonymous." Dobbert, 432 U.S. at 303, 97 S.Ct. at 2303.
The trial judge had the best opportunity to assess the prejudicial nature, if any, of the publicity given Sparks' murder of his ex-wife. No abuse of the judge's discretion in denying the motion has been demonstrated and his decision must be affirmed. Johnson v. State, 433 So.2d 473, 478 (Ala.Cr.App. 1982), affirmed, 433 So.2d 479 (Ala. 1983).
 II
Fourteen of the veniremen stated that they had formed an opinion about the case. Sparks argues that his challenge for cause to each of these jurors should have been granted. Alabama Code Section 12-16-150 (7) (1975). We disagree.
The voir dire of the jury was extensive. The record reveals that the trial judge examined those veniremen who indicated that they had formed an opinion and determined that those opinions were not "fixed" so as to render them biased or prejudiced to the accused. The judge granted a challenge for cause to those veniremen whose fixed opinions would influence their verdict and not allow a decision based solely on the evidence presented at trial.
 "It is not the mere fact that a person has a personal or fixed opinion as to any of the issues involved in a criminal prosecution which renders that person incompetent to serve as a juror. However, a person is not qualified to serve as a juror where his opinion is so fixed that it would influence his decision so that he could not lay aside his opinion and try the case fairly and impartially according to the law and the evidence." Gwin v. State, 425 So.2d 500, 503 (Ala.Cr.App. 1982), writ quashed, 425 So.2d 510
(Ala. 1983).
 III
Sparks' requested jury charge on criminally negligent homicide was properly refused. The shooting in this case involved no inadvertent risk creation. The killing was not accidental. Phelps v. State, 435 So.2d 158, 164-66 (Ala.Cr.App. 1983).
Sparks' own testimony reveals that he deliberately shot his ex-wife five times at close range and that he "really don't know why" he shot her. All the evidence showed that Sparks and his ex-wife had been arguing over an amount of delinquent child support payments which Sparks owed her *Page 192 
pursuant to a divorce decree. Here, there was simply no rational basis for a verdict of criminally negligent homicide. Alabama Code Section 13A-1-9 (b) (1975).
 IV
Immediately before the State called the last witness on its case in chief, defense counsel requested a mistrial based upon the alleged conduct of a circuit court judge, who had been the District Attorney, in qualifying and excusing jurors. That request was:
 "MR. BEUOY (Defense Counsel): Judge, it has come to my attention since the time that we struck the jury and began the trial of this case that Judge John Jolly did some of the qualifying of jurors, and excused certain jurors from service for this week. Judge Jolly was the prosecuting attorney in this case at the preliminary hearing and was actively involved in the case up until the time he took the bench as Judge. We think his involvement to that extent is improper. We think it has resulted in potential bias or prejudice of jurors remaining against this Defendant, and at this time based upon this, we move for a mistrial."
Other than these allegations of defense counsel, the record only shows that Jolly, as District Attorney, endorsed the indictment. The record also shows that the judge who actually presided over Sparks' trial was a "special judge" who was appointed as a result of Judge Jolly's "having some connection with this case that prevented him from being able to sit on this case as a judge."
The general rule is that "a judge who, before his elevation to the bench, was a prosecuting officer, and who actively participated in the prosecution of the accused, was disqualified from sitting at the trial of the case." Annot., 72 A.L.R.2d 443, 503-04 (1960). "In most of the cases it has been held that a judge who, as prosecuting officer, signed an information or indictment, was disqualified from sitting in the case." 72 A.L.R.2d at 508. See also Annot., 16 A.L.R. 4th 550 (1982). Without question, Judge Jolly was disqualified from trying this case because of his prior activities as prosecuting attorney in the same case.
In Salm v. State, 89 Ala. 56, 8 So. 66 (1890), it was held that the incompetency of a judge to try a particular case extends to all preliminary proceedings, such as drawing the jurors and setting the day of trial. However, in that case the actions of the disqualified judge, who did not try the case, on the preliminary matters were taken over the objection and exception of defense counsel on the grounds of incompetency.
Here, we find that defense counsel's motion for a mistrial raising this issue was filed too late. This is an issue which should have been raised at the "earliest opportunity." Baker v.State, 52 Ala. App. 699, 700, 296 So.2d 794 (1974). If the facts causing disqualification are known, objection must be made before issue is joined and the trial is commenced, otherwise the accused will be deemed to have waived the objection. DeMoville v. Merchants Farmers Bank, 237 Ala. 347, 352,186 So. 704 (1939); Collins v. Hammock, 59 Ala. 448, 452 (1877). This information could have been discovered before trial with the exercise of due diligence.
This Court takes judicial notice that Franklin County has only one circuit judge. Defense counsel was appointed to represent Sparks in December of 1982 after his indictment in November. However, Judge Jolly took office in January of 1983. See Alabama Reporter, 418-420 So.2d at XIV. The record does not reveal when or if Judge Jolly qualified the jury venire or when or if he excused some jurors. There is also no showing when the special trial judge was appointed. Likewise, the record is devoid as to whether Judge Jolly recused himself on his own motion or on that of defense counsel.
Here, the objection to Judge Jolly's alleged actions was made after the State had almost completed its case in chief. Although this issue was also raised in a motion for new trial, there was no attempt to establish either that Judge Jolly actually *Page 193 
qualified the venire or excused some veniremen or that his alleged actions caused or resulted in prejudice. In fact, no argument or evidence was presented in support of any ground of the motion for new trial which was denied by operation of law as authorized by A.R.Crim.P.Temp. 13 (d). Where no evidence is taken in support of a motion for new trial, a reviewing court can consider only the record of the trial in chief. Hayes v.State, 33 Ala. App. 364, 370, 33 So.2d 744 (1948).
In arguing his request for mistrial, defense counsel stated:
 "I meant there was a possibility some jurors that might have been more receptive to the Defense may have been excused. I don't know who was excused. I've got a master jury list, some of them probably weren't served, some were excused for medical reasons, some deceased, but I'm sure some of them called and talked with Judge Jolly and his staff and were excused from service for various reasons. The reasons may have nothing to do with the case, but it's simply the fact Judge Jolly, who had been prosecutor in this case, did talk with jurors, did qualify the jury initially in this case, and I think his overstepping of the judicial function I think he can't act as both prosecutor and judge in the case, which in effect is what he has done in qualifying this jury."
Upon these general and speculative allegations of defense counsel, unsupported by evidence, we are unwilling to predicate a reversal of this conviction. Cf. Daniels v. State,416 So.2d 760, 762 (Ala.Cr.App. 1982) (no error in overruling motion for new trial where there was nothing in the record, apart from objections and motions of defense counsel, to support allegation of trial judge's misconduct); Adams v. State,29 Ala. App. 547, 198 So. 451 (1940). Statements made by counsel are not evidence. Hale v. State, 355 So.2d 1158, 1160
(Ala.Cr.App. 1978) ("Where the appellant moves to quash the indictment upon grounds which involve matters outside the record, there is nothing presented to this Court for review."). See also Dunaway v. State, 291 Ala. 93, 278 So.2d 205 (1973) (record did not support defendant's claim that he was required to strike from the same venire which had just witnessed his trial for a different offense); Taylor v. State, 249 Ala. 130,136, 30 So.2d 256 (1947) (the record did not support alleged error regarding excusal of jurors); Jones v. State, 209 Ala. 655,96 So. 867 (1923) (when ground of motion for new trial complaining that list of veniremen served on defendant did not contain names of two veniremen was supported by nothing in the record, there was nothing for review). "Whether or not a mistrial should be granted is within the sound discretion of the trial judge who is in a position to determine what effect, if any, some occurrence may have had on a jury's ability to decide an accused's fate fairly and justly." Donley v. City ofMountain Brook, 429 So.2d 603, 616 (Ala.Cr.App. 1982), reversed on other grounds, 429 So.2d 618 (Ala. 1983).
 V
The trial judge properly denied Sparks' request for a continuance.
Sparks entered pleas of not guilty and not guilty by reason of insanity to the indictment on December 17, 1982.
On December 21st, counsel filed a "motion for mental examination of defendant" which was granted that same date. On the first of February 1983, counsel requested a continuance, alleging that "on or about January 29, 1983, defendant's attorney received written notification from the Department of Mental Health stating that they would not examine this defendant as ordered by the Court." An explanation of this refusal to examine Sparks is not contained in the record. Counsel alleged that the defense had not had an adequate time to prepare a defense.
At trial, after the defense had rested its case, the plea of not guilty by reason of insanity was withdrawn without comment or explanation by defense counsel. In testifying in his own behalf, Sparks testified that he did not think he was crazy *Page 194 
but could not "really say at that moment why I shot her." When the prosecutor attempted to delve into Sparks' mental condition, defense counsel objected:
 "Q. Mr. Sparks, you made a plea of not guilty by reason of insanity. Weren't you examined by a psychiatrist shortly after this?
"A. Yes, I was.
"Q. Dr. Glaister?
"A. Yes, I was.
"Q. Didn't he say you were sane at that time?
 "MR. BEUOY: I object, and move for a mistrial at this time.
"THE COURT: Well, I sustain the objection.
"MR. BEUOY: Move for a mistrial.
 "THE COURT: I sustain the objection and deny the motion."
Based on the transcript before this Court, it is obvious that we have not been presented with a complete factual record of what actually occurred at trial. Although this issue was also raised by motion for new trial, no evidence was offered to support the bare allegations of counsel. A motion for continuance is addressed to the sound discretion of the trial judge and the exercise of that discretion will not be disturbed unless clearly abused. Fletcher v. State, 291 Ala. 67,277 So.2d 882 (1973). Here, the record simply does not show any abuse of discretion. From the record, we can only conclude that, after having been examined by a psychiatrist, Sparks and his counsel made the tactical decision not to pursue a defense of insanity at trial.
 VI
Sparks also argues that the trial court "erred in not taking appropriate curative action when it was learned that one of defendant's witnesses had been threatened by the prosecution." As with the two preceding issues, this contention is not supported by the record. That record only reveals the following in regard to this issue:
 "MR. BEUOY: I understand that Peggy Sparks, the wife of this Defendant, has also been charged with the crime of murder as a co-defendant. I further understand that there have been discussions relating to settlement of her case, and an offer made by the district attorney to her and her attorney for the settlement of that case. This particular individual was subpoenaed by the State as a witness in this case, and then yesterday after Court recessed, or adjourned for the day, the district attorney informed Jerry Porch, counsel for Peggy Sparks, that if she testified on behalf of her husband in this case, that the deal he had offered was off, and based upon that, we have chosen not to call that particular witness to testify in this case."
This issue is not preserved for review.
At trial, there was no objection raising the issue now presented; neither was there any request for "appropriate curative action."
There was never any attempt made to substantiate defense counsel's "understanding". Although this Court does not question counsel's truthfulness or honesty, the present state of the record does not allow us to make an intelligent decision on this issue.
What we said in Gilbert v. State, 401 So.2d 342, 343
(Ala.Cr.App. 1981), is applicable here: "From the record it is not absolutely clear to this Court exactly what did occur in the trial court. At any rate it is certain that the record does not reflect any factual basis for the defendant's objection. In view of this fact there is nothing for this Court to review."
This Court can consider the case only as presented in the record. Jackson v. State, 260 Ala. 641, 71 So.2d 825 (1954). We will not presume a fact not shown by the record and make it a ground for reversal. Williams v. State, 412 So.2d 1274
(Ala.Cr.App. 1982). "It is the appellant's duty to present the points he intends to raise upon the record, with reasonable certainty. If this is not done, so as to enable this Court to decide, without danger of mistake, the exceptions taken in the *Page 195 
court below, or point reserved, will be disregarded, for uncertainty." McCullough v. State, 357 So.2d 397, 398-99
(Ala.Cr.App. 1978).
Our review convinces this Court that Sparks received a fair trial and the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All Judges concur.