MONROE, Judge.
On February 16,1996, Louis Johnson sued Marvin Brown, d/b/a Brown’s Beltline Spur gasoline station (“Brown”); and Gulf Distributing Company (“Gulf’), alleging defamation, the tort of outrage, malicious prosecution, and false imprisonment. The case was assigned to Judge Chris N. Galanos. The parties engaged in discovery and on January 27, 1997, Johnson filed a motion certifying that the case was ready to be tried and requesting the court to set a trial date. The court granted Johnson’s motion, and set the trial for April 29, 1997. Brown moved for a summary judgment on March 14, 1997, and Gulf moved for a summary judgment on April 1, 1997. The trial court entered an order continuing the trial date because of the pending summary judgment motions. Johnson did not file anything in response to the motions for a summary judgment.
A hearing was held on the motions on April 10, 1997. At the hearing, Johnson’s attorney orally moved for the trial judge to recuse himself from the case, because the trial judge had served as district attorney part of the time that a criminal prosecution against Johnson had been pending. That criminal prosecution is the basis for Johnson’s claims against Brown and Gulf. The trial judge denied the oral motion and also directed that, if he had any evidence to support a recusal, Johnson’s attorney should file a written motion for his consideration. On May 15, 1997, the trial court entered a summary judgment in favor of Brown and Gulf on all claims. Johnson appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Johnson makes no argument regarding the merits of the summary judgment. Thus, it appears that he does not contend that the summary judgment was improper. He argues only that the trial judge should have recused himself from the case. Because he does not argue that the trial court’s entry of the summary judgment was improper, any alleged error must be harmless error.
Nevertheless, we will address Johnson’s argument. Johnson argues that the trial judge should have recused himself pursuant to Alabama’s Canons of Judicial Ethics, Canon 3 C(l), because the trial judge had served as the district attorney during part of the time that Johnson’s criminal case was pending. It does not appear that the trial judge had any personal knowledge of Johnson’s criminal case. The name of the judge (former district attorney) does, appear, pre-printed, on two indictment forms. Although there is no evidence that,the trial judge had any knowledge of Johnson’s criminal case, it would have been prudent for him to recuse himself, if the question had been properly raised, because his impartiality could reasonably have been questioned. However, under the circumstances, we cannot reverse the trial court’s judgment on this basis. As noted previously, Johnson’s recusal motion was' presented orally at the summary judgment hearing. The judge denied the motion, and later during the hearing stated that he suspected the motion to be a dilatory tactic, but that if Johnson had evidence of bias he should file a written motion for the judge’s consideration. Johnson did not file a motion. In addition, the facts and circumstances in this case indicate that the recusal motion was a dilatory tactic. The case had been pending before the trial judge for over a year before Johnson orally moved for the judge’s recusal. Johnson filed a certificate of readiness asking the same trial judge to set the case for trial. Although Johnson had moved to have the *290 case set for trial, he later sought continuances and tried to have the summary judgment hearing continued. The record shows that the hearing had already been continued once. At the hearing, Johnson’s attorney admitted: “I can honestly state I am not completely prepared to respond to the motion for summary judgment.” He had not even filed anything in response to the motions of Brown and Gulf.
Motions for recusal should be filed at the earliest opportunity because “requests for recusal should not be disguises for dilato-riness on the part of the [moving party].” Baker v. State, 52 Ala.App. 699, 700, 296 So.2d 794 (Ala.Crim.App.1974). See also Knight v. NTN-Bower Corp., 607 So.2d 262 (Ala.Civ.App.1992); Sparks v. State, 450 So.2d 188 (Ala.Crim.App.1984) (failure to timely move for recusal can result in a waiver of that issue).
In this case, Johnson’s attorney did hot move for a recusal until the summary judgment hearing, at which he appeared unprepared to make' an argument regarding the summary judgment. He had ample time before the hearing to move for the judge’s recusal, and he offers no explanation for the delay. See Baker, supra. In addition, Johnson’s attorney admitted to the judge at the hearing that “[i]f the motion for summary judgment is going to be granted by you, it would be granted by some other judge some other day somewhere else.” Although the judge requested that Johnson’s attorney file a written motion for recusal for his consideration, no motion was filed during the month between the hearing and the entry of the judge’s order.
Thus, it appears that motion for recusal was nothing more than a dilatory tactic, and, in any case, Johnson does not argue that the entry of, the summary judgment was improper. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.