THOMPSON, Presiding Judge.
In April 2000, Philip Warner Clayton filed a complaint against Robert O. Price III and William P. Holland alleging a number of tort claims. At the beginning of the bench trial in the action, Price and Holland each admitted to having received earnings from a contest and falsely reporting those earnings as income received by Clayton on Internal Revenue Service 1099 forms. In addition, Price admitted that he sent an email message disparaging Clayton to the Alabama National Guard, of which Clayton was a member, and to the law school Clayton was attending at the time. The Alabama National Guard investigated each of the 10 allegations contained in the e-mail and determined 2 of those allegations to be “substantiated”; Clayton received a reprimand as a result of that investigation. The Alabama State Bar, into which Clayton was seeking admission, investigated Clayton as a result of Price’s e-mail; it is not clear whether Price sent the e-mail to the Alabama State Bar or whether that organization learned of the e-mail after it had been sent to Clayton’s law school. It does not appear that the Alabama State Bar took any action against Clayton as a result of its investigation.
After Price and Holland admitted liability for falsely reporting the contest earnings as income to Clayton and Price admitted sending the e-mail, the only remaining issue before the trial court was the assessment of damages, and the bench trial proceeded on that issue. On February 12, 2007, the trial court entered a judgment in favor of Clayton awarding him $25,000 in damages from Holland and $50,000 in damages from Price. Price and Clayton each appealed; those appeals were consolidated, and this court affirmed the trial court’s judgment, without an opinion. Price v. Clayton (Nos. 2060476 and 2060639, Feb. 15, 2008), 13 So.3d 456 (Ala. *373 Civ.App.2008) (table) (“Price v. Clayton I”).
On March 6, 2008, Price filed a pro se[1] application for a rehearing in this court.[2] On Mai'ch 12, 2008, Price filed in this court a “motion to set aside” the trial court’s February 12, 2007, judgment. In that motion, Price alleged that he had “recently discovered” evidence of a personal relationship between the trial judge and Clayton that might call into question the trial judge’s impartiality. This court treated Price’s March 12, 2008, motion as a request for permission to file a motion in the trial court seeking relief under Rule 60(b), Ala. Civ. P., from the February 12, 2007, judgment, and we granted that request. See Rule 60(b), Ala. R. Civ. P. (“Leave to make [a Rule 60(b) ] motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending in such court.”).
Price then filed in the trial court a motion in which he sought relief from the February 12, 2007, judgment pursuant to Rule 60(b) and moved the trial judge to recuse himself from the action. Although that motion was filed in the trial court on April 16, 2008, that motion is deemed to have been filed in the trial court on March 12, 2008, the date on which Price sought relief in this court. See Rule 60(b), Ala. R. Civ. P. (“If leave of the appellate court [to file a Rule 60(b) motion in the trial court] is obtained, the motion shall be deemed to have been made in the trial court as of the date upon which leave to make the motion was sought in the appellate court.”). Accordingly, we refer to Price’s motion as having been filed on March 12, 2008.
In his March 12, 2008, motion, Price alleged that the trial judge had submitted to the Character and Fitness Committee of the Alabama State Bar a September 14, 1999, affidavit recommending Clayton as an applicant for admission to the Alabama State Bar. In that motion, Price also alleged that the trial judge’s execution of the September 14, 1999, affidavit violated Canon 2 of the Alabama Canons of Judicial Ethics, which, he argued, warranted the trial judge’s recusal as well as a retrial of Clayton’s claims against Price. In support of his March 12, 2008, motion, Price submitted the September 14,1999, affidavit, in which the trial judge stated:
“I have known Phil Clayton for a number of years, and I know him to be a hard-working and dedicated individual who is well-respected in the community. Phil has achieved the rank of Major in the Alabama National Guard and is employed full-time with the Guard. He has served the State of Alabama well, and I know that he will be an asset to the Alabama Bar. I recommend him wholeheartedly and without reservation.”
On April 18, 2008, the trial court entered a judgment denying the relief sought in Price’s March 12, 2008, motion. In its April 18, 2008, judgment, the trial court stated:
“This matter comes before the Court on Defendant Price’s motion seeking relief from judgment. Having considered said pro se motion in its entirety, the Court will consider this as a motion to recuse. [Price] contends that the trial court should recuse because of a Character and Fitness affidavit signed by the Court for [Clayton], a prospective law student in September 1999.
*374 “This has never been raised by any party or attorney, nor was it remembered by the Court until [Price] filed the present motion.
“Having heard the bench trial, reviewed the most recent filing and the subject affidavit, the court finds said motion shall be DENIED.”
Price timely appealed on April 25, 2008; this court assigned the appeal case number 2070728. On April 28, 2008, Price filed in this court a petition for a writ of mandamus, which also purported to challenge the trial court’s April 18, 2008, judgment. The petition for a writ of mandamus was assigned case number 2070755. This court consolidated the appeal and the petition for a writ of mandamus. Upon submission, this court incorporated the record from Price v. Clayton I, supra, into the record in this matter.
It is well settled that the denial of a Rule 60(b) motion is appealable. Ex parte King, 821 So.2d 205, 209 (Ala.2001); Williams v. Williams, 910 So.2d 1284, 1286 (Ala.Civ.App.2005). Thus, Price’s appeal is the appropriate method of seeking appellate review of the denial of his Rule 60(b) motion, which is the sole issue raised in the appeal in case number 2070728.
However, Price’s petition for a writ of mandamus in case number 2070755 is not the appropriate method for reviewing the issue raised in that petition, i.e., whether the trial judge erred in failing to recuse himself. After the trial court denied Price’s March 12, 2008, motion, nothing further remained pending in the trial court. Thus, the trial court’s April 18, 2008, ruling was a final judgment and was not an interlocutory order from which appellate review could be had through a petition for a writ of mandamus. See Rule 21(e)(4), Ala. R.App. P. (review by petition for writ of mandamus “encompasses the situation where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable”). Although a petition for writ of mandamus may not be used as a substitute for an appeal, Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894-95 (Ala.1998), this court may, in certain circumstances, treat a petition for a writ of mandamus as an appeal.
“In Ex parte Burch, 730 So.2d 143 (Ala.1999), our supreme court held that it had the discretion to treat a petition for a writ of mandamus as a Rule 5, Ala. RApp. P., petition for permission to appeal, and it granted permission to appeal in that case. In doing so, the supreme court stated, ‘[t]here is no bright-line test for determining when this Court will treat a particular filing as a mandamus petition and when it will treat it as a notice of appeal.’ Ex parte Burch, 730 So.2d at 146. See also Ex parte C.L.J., 946 So.2d 880, 888 (Ala.Civ.App.2006) (in which this court elected to treat a petition for a writ of mandamus as an appeal); and Ex parte W.H., 941 So.2d 290, 298 (Ala.Civ.App.2006) (treating a petition for a writ of mandamus as an appeal).”
Weaver v. Weaver, 4 So.3d 1171, 1173 (Ala.Civ.App.2008).
In this case, the inquiry on appeal in case number 2070728 is whether the trial court erred in denying Price’s request for relief pursuant to Rule 60(b) based on Price’s argument that the trial judge should have recused himself from considering this matter. Because the issue of recusal, which is the only issue raised in the petition for a writ of mandamus in case number 2070755, is central to the inquiry on appeal in case number 2070728, we elect to treat the petition for a writ of mandamus in case number 2070755 as an appeal. See Ex parte Weaver, supra, and *375 Ex parte Burch, supra; see also Rule 1, Ala. R.App. P. (The Rules of Appellate Procedure “shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.”); and Appendix IV to the Alabama Rules of Appellate Procedure (the philosophy of reaching the merits of an appeal when possible is a “principle [that] echoes throughout the rules”).
Price did not specify the specific subsection of Rule 60(b) pursuant to which he sought relief in his March 12, 2008, motion. The substance of a motion determines the type of motion it is. Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997). Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, Ala. R. Civ. P.]; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
In his March 12, 2008, motion seeking relief pursuant to Rule 60(b) and motion to recuse, as well as in his filings before this court, Price cited the trial judge’s September 14, 1999, affidavit as warranting recu-sal and a new trial. “The evidence termed ‘newly discovered’ by [Rule 60(b)(2) ] is that which was not known at time of trial and could not have been discovered by due diligence in time to move for a new trial.” Gallups v. United States Steel Corp., 353 So.2d 1169, 1172 (Ala.Civ.App.1978). In his March 12, 2008, motion, however, Price asserted only that he had “recently discovered” the September 14, 1999, affidavit; Price did not allege and has not alleged in his brief before this court that he only recently acquired the affidavit, or could not have discovered it sooner, such that the affidavit would constitute “newly discovered” evidence warranting relief from the February 12, 2007, judgment pursuant to Rule 60(b)(2). As discussed, infra, the record before this court does not support a conclusion that the trial judge’s September 14, 1999, affidavit could not have been discovered earlier by “due diligence.” See Rule 60(b)(2), Ala. R. Civ. P.; Gallups v. United States Steel Corp., 353 So.2d at 1172. Given the language of Price’s Rule 60(b) motion, together with the evidence in the consolidated record, we decline to construe Price’s March 12, 2008, motion as one seeking relief pursuant to Rule 60(b)(2).
Under Rule 60(b)(6), a party may seek relief from a judgment for any reason justifying relief other than those reasons enumerated in subsections (1) through (5). We construe Price’s motion as one filed pursuant to Rule 60(b)(6). See Smith v. Clark, 468 So.2d 138 (Ala.1985) (a motion seeking relief from judgment based on the possible bias of the trial judge was one filed pursuant to Rule 60(b)(6)); and Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982) (same).
“ ‘The decision to grant or deny a Rule 60(b)(6) motion is within the discretion of the trial judge. Ex parte Wal-Mart Stores, Inc., 725 So.2d 279, 283 (Ala.1998). The only issue we consider on an appeal from the denial of a Rule *376 60(b) motion is whether, by denying the motion, the trial court abused its discretion. Id. Therefore, an appeal from the denial of a Rule 60(b)(6) motion “does not present for review the correctness of the judgment that the movant seeks to set aside, but presents for review only the correctness of the order from which the appeal is taken.” Satterfield v. Winston Indus., Inc., 553 So.2d 61, 63 (Ala.1989).
“ ‘Rule 60(b)(6) is an extreme remedy and relief under Rule 60(b)(6) will be granted only “in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief.” Nowlin v. Druid City Hosp. Bd., 475 So.2d 469, 471 (Ala.1985). The purpose of Rule 60(b)(6) is not to relieve a party from a free and deliberate choice the party has previously made. City of Daphne v. Coffey, 410 So.2d 8, 10 (Ala.1982).’ ”
Ex parte Phillips, 900 So.2d 412, 418-19 (Ala.2004) (quoting Wood v. Wade, 853 So.2d 909, 912-13 (Ala.2002)).
The decision whether to grant a motion to recuse is also a matter within the trial court’s discretion.
“A trial judge’s ruling on a motion to recuse is reviewed to determine whether the judge exceeded his or her discretion. See Borders v. City of Huntsville, 875 So.2d 1168, 1176 (Ala.2003). The necessity for recusal is evaluated by the ‘totality of the facts’ and circumstances in each case. [Ex parte City of] Dothan Pers. Bd., 831 So.2d [1,] 2 [ (Ala.2002) ]. The test is whether ‘ “facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.” ’ In re Sheffield, 465 So.2d 350, 355-56 (Ala.1984) (quoting Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982)).”
Ex parte George, 962 So.2d 789, 791 (Ala.2006). Accordingly, we analyze Price’s arguments by determining whether the trial judge exceeded his discretion in failing to recuse himself and in denying the requested Rule 60(b) relief.
As a basis for its denial of Price’s March 12, 2008, motion, the trial court cited the fact that Price had failed to raise the issue of recusal earlier in the proceedings that resulted in the appeal in Price v. Clayton I, supra. A motion to recuse “should be filed at the earliest opportunity because ‘requests for recusal should not be disguises for dilatoriness on the part of the [moving party].’ ” Johnson v. Brown, 707 So.2d 288, 290 (Ala.Civ.App.1997) (quoting Baker v. State, 52 Ala.App. 699, 700, 296 So.2d 794, 794 (Ala.Crim.App.1974)). The issue of recusal may be waived if it is not timely asserted. Knight v. NTN-Bower Corp., 607 So.2d 262, 265 (Ala.Civ.App.1992).
A motion seeking relief from a judgment pursuant to Rule 60(b)(6) is not required to be filed as early as possible, as is a motion to recuse; rather, a Rule 60(b)(6) motion must be filed “within a reasonable time.” Rule 60(b). The discretion afforded the trial court in ruling on a Rule 60(b) motion “applies to the determination of whether such a motion has been filed within a reasonable time as well as to the merits of the motion.” Pittman v. Pittman, 397 So.2d 139, 142 (Ala.Civ.App.1981).
“In exercising this discretion the court must balance the desire to remedy injustice against the need for finality of judgments. Consequently, the court may deny a Rule 60(b) motion where it finds that: (1) the moving party has not shown good cause for having failed to take appropriate action sooner; or (2) where the litigation would be protracted *377 needlessly due to the inability of the moving party to demonstrate a valid reason for changing the result of the challenged judgment. Rule 60, [Ala. R. Civ. P.], and committee comments thereto.”
Clark v. Clark 356 So.2d 1208, 1211 (Ala.Civ.App.1978) (emphasis added). See also Dorey v. Dorey, 412 So.2d 808, 810 (Ala.Civ.App.1982) (in denying a Rule 60(b) motion, the court may consider whether the moving party has “shown good cause for having failed to take appropriate action sooner”). Our supreme court has stated that “[sjome considerations for determining what constitutes a ‘reasonable time’ [in which to seek relief under Rule 60(b)(6) ] are as follows: the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to the other parties.” Ex parte State ex rel. J.Z., 668 So.2d 566, 571 (Ala.1995); see also Pittman v. Pittman, 397 So.2d at 141-42 (same); and Ex parte W.J., 622 So.2d 358, 361 (Ala.1993), superseded on other grounds by § 26-17A-1, Ala.Code 1975 (same).
Price has made no assertions or arguments relevant to the issue whether his Rule 60(b) motion was filed within a reasonable time. Although the record on appeal (incorporated from Price v. Clayton I) does not contain Clayton’s Application for Admission to the Alabama State Bar (hereinafter “the bar application”), the record contains numerous references indicating that the bar application was central to the dispute regarding certain aspects of Clayton’s claims against Price and Holland. The record also indicates that Price obtained copies of Clayton’s bar application early in the litigation in Price v. Clayton I, supra.
In their August 30, 2000, first set of interrogatories to Clayton, Price and Holland asked that Clayton produce a copy of his bar application. Although Clayton objected to having to produce his bar application, on April 4, 2001, the trial court entered an order that, among other things, required Clayton to produce that document to Price and Holland. In a May 31, 2001, motion to compel, Price and Holland objected to Clayton’s failure to comply with other aspects of the April 4, 2001, order compelling discovery. Price and Holland also filed a third set of interrogatories to Clayton on May 31, 2001, in which they requested clarification of an aspect of Clayton’s bar application and asked for documents pertaining to proceedings conducted by the Character and Fitness Committee of the Alabama State Bar on two separate dates. In response to that motion, on August 1, 2001, the trial court ordered:
“That the Alabama State Bar must pi'ovide to [Price’s attorney] all documentation relating to the Alabama Bar Application of Philip Warner Clayton. ... These documents shall include but are not limited to the completed Alabama Bar Application and all Character and Fitness testimony and proceedings
(Emphasis added.)
Price and Holland questioned Clayton about various aspects of the bar application during Clayton’s March 27, 2002, deposition. During that deposition, Clayton identified the materials produced by the Alabama State Bar as follows:
“[PRICE’S ATTORNEY]: Would you look at that and tell me if that is your student Bar application. (Brief interruption.)
“[CLAYTON]: Obviously, there are some additions here that were provided by agencies like the Alabama Bureau of Investigation. But for the most part, yeah, that is what I completed, what I completed and submitted.
*378 [[Image here]]
“[PRICE’S ATTORNEY]: I think this is your application to the Bar, your final application to the Bar. Look through that.
“[CLAYTON]: Again, there are documents contained in there that I did not submit, but for the most part, that is my application that I submitted to the Bar.”
A July 24, 2002, document Price and Holland submitted to the trial court listed the witnesses and evidence Price and Holland intended to present or submit to the court; that list included Clayton’s bar application as an item of evidence Price intended to submit.
Thus, the record on appeal in Price v. Clayton I demonstrates that Price obtained a copy of the bar application from Clayton. Also, Price received, pursuant to a court order, a copy of the bar application from the Alabama State Bar. The transcript of Clayton’s March 27, 2002, deposition indicates that the copy of the bar application Price received from the Alabama State Bar contained, as ordered by the trial court on August 1, 2001, “all documentation” pertaining to the bar application. The trial judge’s September 14, 1999, affidavit would have been a part of the bar application produced by the Alabama State Bar. Those materials were in Price’s possession at least six years before he filed his Rule 60(b)(6) motion.
Significantly, Price has made no allegation that the September 14, 1999, affidavit was not contained in the materials produced by Clayton or the Alabama State Bar or that he somehow obtained that affidavit during the time he was seeking a rehearing in this court in Price v. Clayton I. Such allegations would be relevant to the issue whether Price’s Rule 60(b) motion was filed within a “reasonable time.” Price has made no allegations or arguments, either to this court or to the trial court, concerning whether his Rule 60(b) motion was filed within the requisite reasonable time. With regard to the factors to take into consideration in determining whether a Rule 60(b)(6) motion has been filed within a reasonable time, Price has failed to explain “the reason for the delay” in his filing the Rule 60(b)(6) motion, given the length of time the bar application has been in his possession, and he has not alleged or argued that he lacked “the practical ability to learn earlier of the grounds” upon which he now seeks extraordinary relief pursuant to Rule 60(b)(6). See Ex parte W.J., 622 So.2d at 361; and Ex parte State ex rel. J.Z., 668 So.2d at 571.
Price, as the movant, has the burden of proving that he is entitled to the extraordinary relief available under Rule 60(b). Ex parte A & B Transp., Inc., 8 So.3d 924, 932 (Ala.2007); Ex parte Phillips, supra; and Ex parte Baker, 459 So.2d 873, 876 (Ala.1984). Our supreme court has explained that relief pursuant to “Rule 60(b)(6) is an extreme and powerful remedy and is available only under compelling circumstances when the movant can show the court sufficient equitable grounds entitling the movant to relief.” Long v. Chicago Title Ins. Co., 646 So.2d 589, 591 (Ala.1994).
The trial court, in denying Price’s Rule 60(b) motion, noted that the issue of the affidavit and his recusal had not been raised earlier in the litigation in Price v. Clayton I.
“[U]nder Rule 60(b)(6), relief is granted only in those extraordinary and compelling circumstances when the party can show the comt sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment be *379 comes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments. See the Comment to Federal Rule of Civil Procedure 60(b).”
Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993) (emphasis added). Price has not alleged that, and it does not appear that, he did “everything reasonably within his power” with regard to the issues raised in his Rule 60(b) motion.
“Relief under Rule 60(b)(6) is discretionary with the trial court, and a strong presumption of correctness attaches to the trial court’s ruling on a Rule 60(b)(6) motion.” Long v. Chicago Title Ins. Co., 646 So.2d at 591; see also Ex parte Hartford Ins. Co., 394 So.2d 933, 936 (Ala.1981) (a decision on a Rule 60(b)(6) motion is within the sound discretion of the trial court); Pittman v. Pittman, 397 So.2d at 142 (same).
Price has failed to demonstrate that the trial court erred in denying his request for relief pursuant to Rule 60(b)(6). Price’s March 12, 2008, motion seeking Rule 60(b) relief was filed six years after Price came into possession of the materials that included the affidavit upon which he based the motion, more than one year after the trial court had entered its February 12, 2007, judgment against Price, and one month after this court had affirmed the trial court’s February 12, 2007, judgment. Price has made no argument that he lacked the ability to learn of or assert the existence of the September 14, 1999, affidavit earlier, nor has he explained his delay in asserting that affidavit as a basis for seeking the trial judge’s recusal earlier. See Ex parte W.J., 622 So.2d at 361; and Ex parte State ex rel. J.Z., 668 So.2d at 571. Thus, balancing the factors set forth in Ex parte State ex rel. J.Z., supra, Ex parte W.J., supra, and Pittman v. Pittman, supra, for determining whether a Rule 60(b) motion was filed within a reasonable time, we must hold that Price’s motion was not filed within a reasonable time and, therefore, that Price has failed to demonstrate that the trial court erred in denying his March 12, 2008, request for relief pursuant to Rule 60(b)(6) on that basis.
Similarly, we must conclude that Price has not demonstrated that the trial judge erred in refusing to recuse himself over a year after the entry of the final judgment that was reviewed on appeal in Price v. Clayton I.
“ ‘To permit a party to disqualify a judge after learning how the judge intended to rule on a matter would permit forum-shopping of the worst kind. It would also be inequitable, because it would afford the moving party an additional opportunity to achieve a favorable result while denying a similar opportunity to its adversary. For these reasons, it is generally agreed that a party who has a reasonable basis for moving to disqualify a judge should not be permitted to delay filing a disqualification motion in the hope of first obtaining a favorable ruling, and then complain only if the result is unfavorable to his cause.’
“Richard E. Flamm, Judicial Disqualification § 18.2.2 at 532-33 (1996).”
City of Bessemer v. McClain, 957 So.2d 1061, 1069 (Ala.2006) (Parker, J., statement of recusal).
In this case, Price had the trial judge’s recommendation of Clayton to sit for the bar exam in his possession for six years, yet he either did not exercise diligence in finding that affidavit or he did not consider it to be a “reasonable basis for *380 questioning the judge’s impartiality” in the action until after this court had affirmed the tidal court’s February 12, 2007, judgment. In re Sheffield, 465 So.2d 350, 356 (Ala.1984). Price “did not raise the issue of the trial judge’s bias until he had received an adverse judgment, failing therefore to afford the judge an opportunity to recuse himself before he heard the case.” Knight v. NTN-Bower Corp., 607 So.2d at 265 (holding that a party who failed to raise the issue of recusal until after the trial judge had heard and ruled on the case had waived his objection on that issue). Given the facts of this case, we conclude that Price has failed to demonstrate that the trial judge exceeded his discretion in denying Price’s request for recusal. Ex parte George, supra; Knight v. NTN-Bower Corp., supra.
AFFIRMED.
PITTMAN and THOMAS, JJ„ concur.
BRYAN and MOORE, JJ., dissent, with writings.

. Price has proceeded pro se in this matter since March 2008.

. This court had granted Price’s earlier motion to extend the time for filing his application for a rehearing for good cause shown. See Rule 2(b), Ala. R.App. P.