LYONS, Justice.
Jo Karen Parr, one of the defendants in an action pending in the Montgomery Circuit Court, petitioned this Court for a writ of mandamus directing the trial judge, the Honorable Charles Price, to grant her motion seeking his recusal. We deny the petition.

I. Background,

Parr and Alan E. Rothfeder were shareholders in the law firm Kaufman & Roth-feder, P.C. (now known as Kaufman Gilpin McKenzie Thomas Weiss, P.C.) (“the firm”). Rothfeder and Parr left the firm on May 31, 2007, because of a dispute over distribution of more than $2 million of *1268 income. On August 31, 2007, the firm sued Rothfeder and Parr and alleged conversion of firm funds, breach of fiduciary duty to the firm, and intentional interference with contracts to which the firm was a party. Rothfeder and Parr denied all the allegations and filed a counterclaim alleging breach of fiduciary duty by the firm, breach of contract, conversion of compensation earned, and intentional interference with contractual and business relations, and seeking a judgment declaring the respective rights of the parties to a certain contingency fee paid by a client. The case was assigned to Judge Price.
On August 5, 2008, Rothfeder and Parr moved for a protective order because Parr had been diagnosed with breast cancer and her cognitive abilities had been temporarily affected by surgery, chemotherapy, and radiation treatments. Judge Price issued a protective order that allowed discovery in the case to proceed but held Parr’s deposition in abeyance. On October 17, 2008, the firm filed a motion for a scheduling order, noting that the case remained set for a bench trial and that the defendants opposed any scheduling order. Judge Price entered a scheduling order on October 21, 2008, adhering to the previously established trial date of February 17, 2009, and, among other things, setting a discovery cutoff for December 12, 2008, except for the deposition of Parr, which was to be scheduled by agreement of the parties or by court order if necessary.
On November 7, 2008, 14 months after the commencement of the action and almost 3 weeks after the entry of the scheduling order, counsel for Parr caused a letter to be hand-delivered to Judge Price asking Judge Price to recuse himself based on his having previously appointed Simeon (“Sim”) Penton, a member/shareholder of the firm, as a co-special master in unrelated pharmaceutical litigation pending at that time before Judge Price. Parr’s counsel denied any actual bias on Judge Price’s part but maintained that his recu-sal was required because Judge Price’s impartiality might reasonably be questioned. See Canon 3.C(1), Canons of Judicial Ethics. On November 22, 2008, counsel for Parr and Rothfeder filed a formal motion seeking Judge Price’s recusal.
Judge Price held a hearing on December 4, 2008, and denied the defendants’ motion, stating:
“But the truth of the matter is, there is absolutely no — there is not even an appearance, unless it’s a figment of the mind, of impropriety in this case.
“First of all, Sim Penton is a Co-Special Master with Jimmy Pool in cases that have been tried. Basically, all that work has basically been done now, although they’re still listed as special masters. They have no particular in-road to me other than advising all of the parties in the case and then negotiating between the parties and then filing the pleadings with me for my approval. I don’t know how anyone can try to conjure up the belief that there is some impropriety or appearance of impropriety.
[[Image here]]
“These are pharmaceutical cases. Complex litigation, okay? I have no real connection with Sim Penton other than I needed some experienced civil lawyer. Selected him and Jimmy Pool. They are Co-Special Masters. They’ve done a wonderful job. No one in the case, plaintiffs or defendants, have accused him of any impropriety.
“The truth of the matter is I don’t have any connection with Sim Penton *1269 other than when he and Mr. Pool come together saying, ‘Judge, this is what we have negotiated, we have the documents for you to sign.’ I sign them, and that’s it.”
Parr filed a petition for a writ of mandamus in this Court on December 9, 2008, and, on February 2, 2009, this Court established an expedited briefing schedule and stayed all pi*oceedings in the trial court while this petition was pending.

II. Standard of Review

We recently reiterated the standard of review applicable to a motion to recuse in Ex parte George, 962 So.2d 789, 791 (Ala.2006):
“A mandamus petition is a proper method by which to seek review of a trial court’s denial of a motion to recuse. Ex parte City of Dothan Pers. Bd., 831 So.2d 1, 5 (Ala.2002); Ex parte Cotton, 638 So.2d 870, 872 (Ala.1994), abrogated on other grounds, Ex parte Crawford, 686 So.2d 196 (Ala.1996). A trial judge’s ruling on a motion to recuse is reviewed to determine whether the judge exceeded his or her discretion. See Borders v. City of Huntsville, 875 So.2d 1168, 1176 (Ala.2003). The necessity for recusal is evaluated by the ‘totality of the facts’ and circumstances in each case. Dothan Pers. Bd., 831 So.2d at 2. The test is whether ‘ “facts are shown which make it reasonable for members of the public, or a party, or counsel opposed to question the impartiality of the judge.” ’ In re Sheffield, 465 So.2d 350, 355-56 (Ala.1984) (quoting Acromag-Viking v. Blal ock, 420 So.2d 60, 61 (Ala.1982)).”
The standard for awarding mandamus relief was set forth in Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003), a case in which the trial judge’s recusal was sought:
“ ‘A writ of mandamus is an extraordinary remedy, and it “will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” ’
“Ex parte Butts, 775 So.2d 173, 176 (Ala.2000) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).”

III. Analysis

A. Overview

Parr relies on three advisory opinions of the Judicial Inquiry Commission in arguing that Judge Price should be required to recuse himself. Advisory Opinion No. OS-815 concluded that a judge had a duty to recuse himself from hearing a case in which an attorney for one of the parties also serves as a referee, appointed by the judge, to assist with matters on a regular basis, notwithstanding that the attorneys in the matter had raised no objections regarding the judge’s impartiality. Advisory Opinion No. 99-736 stated that a judge’s disqualification was required in a case in which a party was represented by an attorney who served as a part-time referee assisting the court with other cases. Advisory Opinion No. 00-757 stated that a judge’s disqualification was required when a party was represented by an attorney who regularly assisted the court with child-support cases.
The firm counters by asserting that Parr has waived any basis for Judge Price’s recusal arising from Penton’s status as a co-special master, noting that the *1270 motion was filed over a year after the action was commenced and shortly after a ruling adverse to Parr on a scheduling order. Alternatively, the firm argues that the advisory opinions of the Judicial Inquiry Commission relied upon by Parr are neither legally binding on this Court nor based upon similar facts.

B. Waiver

The Court of Civil Appeals correctly stated the principles applicable to a waiver of the issue of a judge’s recusal in Pnce v. Clayton, 18 So.3d 370, 376 (Ala. Civ.App.2008):
“A motion to recuse ‘should be filed at the earliest opportunity because “requests for recusal should not be disguises for dilatoriness on the part of the [moving party].” ’ Johnson v. Brown, 707 So.2d 288, 290 (Ala.Civ.App.1997) (quoting Baker v. State, 52 Ala.App. 699, 700, 296 So.2d 794, 794 (Ala.Crim.App.1974)). The issue of recusal may be waived if it is not timely asserted. Knight v. NTN-Bower Corp., 607 So.2d 262, 265 (Ala.Civ.App.1992).”
See also Ross v. Luton, 456 So.2d 249, 255 (Ala.1984) (“The disqualification of a trial judge for interest or prejudice may be waived if the parties proceed to trial without objection.”). Accord, 46 Am.Jur.2d Judges § 208 (“An untimely objection or motion to disqualify a judge waives the grounds for recusal. The reason for this rule is to prevent litigants from waiting to see whether they win, and if they lose moving to disqualify the judge.” (footnotes omitted)).
As previously noted, the motion seeking Judge Price’s recusal was filed 14 months after the commencement of the action. Parr attributes the delay to her lack of awareness of Penton’s “continued close involvement with Judge Price” in the pharmaceutical litigation, apparently during the period between the filing of the action on August 31, 2007, and her requesting Judge Price’s recusal on November 7, 2008. Parr’s reply brief, p. 6. Parr knew or should have known of the firm’s role in the pharmaceutical litigation when the action against her was filed on August 31, 2007, based on her access to firm records until she left the firm on May 31, 2007, even assuming, for the sake of argument, that she had had no contact with Penton. Parr attached billing records to her petition that reflect Penton’s interaction with Judge Price and billings totaling $200,000 for Penton’s services for the approximately 16 months leading up to her departure from the firm. She cannot now plead ignorance of “continued close involvement” after she left the firm when she was aware of facts sufficient to put her on inquiry as to the probability of such involvement as of the commencement of the action and during the months thereafter. Moreover, the implication of ignorance of “continued close involvement” between Penton and Judge Price is a tacit admission that she was aware of close involvement between them when she was with the firm. (Emphasis added.) Further, Parr has not offered any basis on which to conclude that Penton’s involvement as a co-special master in the pharmaceutical litigation was reasonably expected to decline from August 31, 2007, to November 2008, justifying her delay. Given the foregoing facts, Parr has waived any right to seek Judge Price’s recusal.

C. The Advisory Opinions

Even assuming, for the sake of argument, that Parr has not waived her right to seek Judge Price’s recusal, the advisory *1271 opinions Parr relies upon turn on the appearance of impropriety based on the confluence of a position of special trust between the attorney as the referee and the judge, on the one hand, and the attorney’s role as an advocate for one of the parties in a case before the same judge, on the other. Here, Penton is not an attorney for the firm; the firm is represented by separate counsel. We have no indication that Penton is even a material witness. Also, Judge Price does not view his relationship with Penton as one of special trust. As previously noted, Judge Price stated: “The truth of the matter is I don’t have any connection with Sim Penton other than when he and Mr. Pool come together saying, ‘Judge, this is what we have negotiated, we have the documents for you to sign.’ I sign them, and that’s it.” Parr has not contradicted this description of Judge Price’s relationship with Penton.
The standard by which we apply Canon 3.C is whether a person of ordinary prudence in the judge’s position knowing all the facts known to the judge would find that there is a reasonable basis for questioning the judge’s impartiality. Ex parte Monsanto Co., 862 So.2d at 605. We cannot say that the circumstances here presented, even if we assume there was no waiver, establish a clear legal right to relief from an action of the trial court that was in excess of its discretion.[1]

TV. Conclusion

Parr has waived her right to seek Judge Price’s recusal by inadequately explaining her delay in doing so. Even had there been no waiver, however, the advisory opinions Parr relies on are clearly distinguishable.
PETITION DENIED; STAY LIFTED.
COBB, C.J., and WOODALL, PARKER, and SHAW, JJ., concur.

. Judge Price stated at the December 4, 2008, hearing that Penton's duties as co-special master were not ongoing. Parr attaches to her reply brief a transcript showing Penton's presence at the outset of a recent trial in the pharmaceutical litigation in February 2009. Of course, the evidence of Penton's subsequent appearance at a trial in early Februaiy 2009 was not before Judge Price at the time of the December 4, 2008, hearing. Moreover, this evidence is irrelevant because of the combination of waiver and Parr's failure to show circumstances comparable to the circumstances of the advisory opinions. Of course, if Judge Price subsequently concludes that his recusal is warranted, he can always do so sua sponte, notwithstanding Parr’s waiver.